## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Yusuf Brown,
      Plaintiff

vs

                                  Case No. C-1-07-101

Edward Voorhies, et al.,             **REPORT AND RECOMMENDATION**
                                    **AND ORDER**
      Defendants                      (Barrett, J.; Hogan, M.J.)

        This matter is before the Court on Plaintiff's Motion for Sanctions (Doc. 59); Defendants' Notice of Compliance (Doc. 65); Plaintiff's Notice of Non-Compliance (Doc. 70); Plaintiff's Motion for Default Judgment (Doc. 77); Defendants' Application for Default Judgment (Doc. 82); Plaintiff's Motion for Declaratory Judgment (Doc. 83); Defendants' Response to Plaintiff's Application for Default Judgment and Plaintiff's Motion for Declaratory Judgment (Doc. 85); Plaintiff's Reply to Defendants' Response (Doc. 86).

        Plaintiff, in his Motion for Sanctions, contends that Defendants have failed to comply with this Court's Order of August 6, 2007, whereby the Court directed Defendants to provide Plaintiff with copies of all grievances filed by Plaintiff regarding the issues in this case, as well as, "any and all memorandum, investigative files or other documents created in response to such [grievances] since September 11, 2006" should they exist. (*See* Doc. 52). Defendants represent to the Court that, to date, "a total of sixty nine (69) pages of grievances filed by "Plaintiff" that fit the description of the material that the Court has ordered to be turned over to the Plaintiff. These sixty nine (69) pages of grievances have been copied, bate stamped and mailed to SOCF where they will be hand delivered to the Plaintiff." (Doc. 65). Plaintiff counters that some documents have still not been produced by Defendants, namely the investigative files pertaining to an investigation he claims the Ohio State Medical Board "ordered" ODRC to perform. (Doc. 77, Ex. 1).

        Defendants, in their response to Plaintiff's Application for Default and Motion for Declaratory Judgment, do not address the issues presented in Plaintiff's Motion for Sanctions and Application and Motion for Default Judgment. Rather, Defendants argue that default judgment and declaratory judgment motions are premature in light of the pending summary judgment motions. However, Plaintiff the focus of Plaintiff's motions, with the exception of the Motion for Declaratory Judgment, is Defendant's failure to provide the documents which were the subject of the 8/6/07 Order. Plaintiff appears to believe that the Ohio State Medical Board "ordered" ODRC to conduct an investigation into his allegations of regarding his medical care at SOCF. We find no such order contained in the letter from the State Medical Board. (Doc. 77,

Ex. 1). Plaintiff was merely informed that his complaint was "forwarded to" ODRC and the Board "requested" that ODRC "inform" the Board "of the outcome of its review." (Id.). Thus, there is no evidence that such an investigation was conducted. Nonetheless, to the extent such an investigation was conducted, Defendants are directed to provide any files pertaining to such to Plaintiff within seven (7) days of this order. We do not find, however, that sanctions are appropriate at this time. Accordingly, Plaintiff's Motion for Sanctions (Doc. 59) is denied and the Court likewise recommends that Plaintiff's Motion for Default Judgment (Doc. 77) and Application for Default Judgment (Doc. 82) be denied.

Plaintiff has also filed a Motion for Declaratory Judgment pursuant to Fed. R. Civ. P. 57, seeking an order stating: "1) Plaintiff is entitled to be free from cruel and unusual punishment by prison staff who continue to intentionally expose him to violence at the hands of other prisoners; and 2) Plaintiff is entitled to be free from cruel and unusual punishment by prison medical staff who continue to be deliberately indifferent to Plaintiff's serious medical needs." (Doc. 83). Plaintiff further requests a speedy hearing "ex-parte." (Id.). Defendants reply that, in light of the pending motions for summary judgment, Plaintiff's motion is premature . (Doc. 85). We do not find Plaintiff's Motion for Declaratory Relief to be premature. However, we find Plaintiff's motion to be procedurally defective and agree with those jurisdictions which find that such motions are inconsistent with the Federal Rules. *See International Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 160 F.R.D. 452, 455-56 (S.D.N.Y. March 15, 1995); *see also Fusco v. Rome Cable Corp.*, 859 F.Supp. 624, 628 (N.D.N.Y. 1994)(On its face, Rule 57 does not provide a basis for making a motion, it just acknowledges the availability of declaratory judgment as a remedy); *Barmat, Inc. v. U.S.A.*, 159 F.R.D. 578, 582 (N.D.Ga. 1994)(Generally, declaratory judgments are sought by petition or complaint, rather than motion); *OAIC Commercial Assets, LLC v. Stonegate Village, L.P.*, No. 04-1951-PHX-MHM, 2006 WL 2788644 (D.Ariz. 2006).

In *Bonner v. Circuit Court of the City of St. Louis, Mo.*, 526 F.2d 1331, 1337 (8th Cir. 1975), the Eighth Circuit noted that "[a]lthough declaratory judgments are a statutory rather than a traditional equitable remedy, the Supreme Court has characterized the declaratory judgment as 'essentially an equitable cause of action.'" *Id.,* at 1337 (citing *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 300 (1943)). Under Rule 57, a plaintiff may bring an action seeking declaratory judgment, the procedure for which "shall be in accordance with these rules." Fed.R.Civ.P. 57. Thus, as did the court in *International Brotherhood of Teamsters*, we find that such language "contemplates that an action for declaratory judgment is a civil action subject to the Federal Rules." 160 F.R.D. at 456. For this reason, Plaintiff may not make a motion for declaratory judgment, but rather, must bring an action for a declaratory judgment. Accordingly, Plaintiff's Motion for Declaratory Judgment (Doc. 83) is inconsistent with the Federal Rules.

When faced with improper motions for declaratory judgment, some courts have construed such as motions for summary judgment. *See International Brotherhood of Teamsters*, 160 F.R.D. at 456; *Fusco*, 859 F.Supp. at 628. In light of the motions for summary judgment which are currently pending, Plaintiff's motion is unnecessary and redundant. However, to the

extent the evidence submitted by Plaintiff in support of his Motion for Declaratory Judgment is not duplicative, the Court will consider such as supplemental evidence.

## IT IS THEREFORE ORDERED THAT

1)      Plaintiff's Motion for Sanctions (Doc. 59) be DENIED.

## IT IS FURTHER RECOMMENDED THAT

1)       Plaintiff's Motion for Default Judgment (Doc. 77) be DENIED

2)      Plaintiff's Application for Default Judgment (Doc. 82) be DENIED.

3)      Plaintiff's Motion for Declaratory Judgment (Doc. 83) be DENIED.

Date 9/30/08

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\prisoner1983\Brown\sanctions

4

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

1. Article Addressed to:

Yusef Brown # 322-338
SOCF
1724 St. Rt. 728
Po Box 45699
Lucasville, OH 45699

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7007 0710 0000 8134 9144

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv101 (Doc. 96)