UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Yusuf Brown
    Plaintiff

vs
Edward Voorhies, et al.,

    Defendants

Case No. 07cv101
**REPORT AND RECOMMENDATION**
Barrett, J.
Hogan, M.J.

    This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 93), and Defendants' Memorandum in Opposition to Plaintiff's Motion for a Temporary Restraining Order (Doc. 99), and Plaintiff's Reply thereto (Doc. 102). Plaintiff seeks an order from the Court directing Defendants to immediately transfer Plaintiff to another institution and that Defendants provide "adequate medical care." (Id.).

    Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), has filed this action alleging, *inter alia*, that he is being poisoned by members of the Aryan Brotherhood prison gang. Plaintiff claims that this is being done through the food that is served to him in his cellblock. (Doc. 2, Complaint). He alleges the Defendants have been deliberately indifferent to his serious medical needs and safety. (Doc. 2, ¶¶ 48-52).

    Plaintiff alleges the following facts in support of his motion. On September 17, 2008, while eating his dinner, Plaintiff's mouth began to bleed. A search of Plaintiff's food by a corrections officer uncovered several pieces from broken razor blades in the main course. Plaintiff's meal tray was clearly marked with the location of his cell. Plaintiff was seen by a nurse shortly following the incident and x-rays were taken the next day. Plaintiff has found blood in his stool on four occasions since the incident and has reported such to the nurse and his unit staff. To date, Plaintiff has not been examined by a physician nor has he received any further medical testing. (Doc. 93).

    Defendants respond that there is no evidence that Plaintiff had ingested razor blades (Doc.

100, Affidavit of Rhonda Stalnaker, Health Care Administrator).[1] Defendants contend that Plaintiff received medical attention from the medical staff and was sent for x-rays. An examination of Plaintiff's mouth by medical staff revealed no evidence of any injury to Plaintiff's mouth. Subsequent x-rays also showed no injuries consistent with the ingestion of razor blades. (*See* Doc. 100, at ¶¶ 4, 5). According to Defendants, Plaintiff was ordered to follow up with the medical staff at SOCF, but as of October 7, 2008, had failed to do so.

In reply, Plaintiff contends that Stalnaker's statements to the Court are false and that he followed up with the medical staff at SOCF. Plaintiff claims, as part of his follow-up, that he and his family contacted SOCF and ODRC officials to notify staff of Plaintiff's injury. Plaintiff states that abdominal x-rays were taken, but no x-rays of his mouth were taken. However, except for a copy of Plaintiff's "Emergency Grievance," Plaintiff has submitted no evidence in support of these statements. Plaintiff states he has received no further medical treatment and has not been permitted to see a doctor.

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
> 3. Whether an injunction will cause others to suffer substantial harm; and
> 4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that

---

[1] An unsigned copy of Ms. Stalnaker's Affidavit was attached to Defendant's memorandum as Exhibit 1. The signed copy, which was received subsequently, has been filed separately in this action.

2

should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that Plaintiff has neither alleged facts, nor submitted evidence, warranting an immediate injunction in this matter. Plaintiff has made no attempt to apply the above factors to his situation. The evidence submitted by Defendants indicates that Plaintiff has indeed received medical attention for his alleged injuries. X-rays and examination by medical staff showed no injuries consistent with the ingestion of razor blades, which would warrant further medical attention. Thus, Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claim, or that he will suffer irreparable harm absent an immediate injunction.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction, that is, to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102, would not be served. The present status quo in this case is, according to Plaintiff, that he has suffered a violation of his constitutional rights under the Eighth Amendment. The remedy Plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Motion to Show Cause and [for] Temporary Restraining Order (Doc. 93) be DENIED.

Date: 9/30/08

Timothy S. Hogan
United States Magistrate Judge

J:\LES\prisoner1983\Brown\tro.wpd

3

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Yusuf Brown #322-338<br>SOCF<br>1724 St. Rt. 728<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label)    7007 0710 0000 8134 9717 | |
| PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540 | |

1:07cv101 (Doc. 103)