**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Yusuf Brown,

      Plaintiff,

      v.                                                                  Case No. 1:07cv101

Edward Voorhies, *et al.*,                                         Judge Michael R. Barrett

      Defendants.


## ORDER

This matter is before the Court upon three Magistrate Judge's Report and Recommendations ("R&R"). The first R&R is regarding Plaintiff's Motion and Application for Default Judgment (Doc. 77, 82) and Plaintiff's Motion for Declaratory Judgment (Doc. 83). (Doc. 96) The second R&R is regarding Plaintiff's Motion for Temporary Restraining Order (Doc. 93). (Doc. 103) The third R&R is regarding the Motion for Summary Judgment filed by M. Sevrey, Dr., Vonda Adkins, Aryayra Treadway, Edward Voorhies, J Diane Sand (Doc. 49) and Plaintiff's Motion for Summary Judgment (Doc. 55). (Doc. 104)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&Rs in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the second and third R&Rs. (Docs. 106, 107)

Upon *de novo* review of the first R&R (Doc. 96), the Court finds no error, and the Magistrate Judge's R&R is hereby ADOPTED. Accordingly, Plaintiff's Motion and

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Application for Default Judgment (Doc. 77, 82) and Motion for Declaratory Judgment (Doc. 83) are DENIED. The Court will now conduct at *de novo* review of the second and third R&Rs pursuant to 28 U.S.C. § 636.

## I.     BACKGROUND

Plaintiff is a prisoner currently incarcerated at the Southern Ohio Correctional Facility. Plaintiff filed this action *pro se* under 42 U.S.C. § 1983 alleging deliberate indifference to is medical needs, deliberate indifference to personal safety, and cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 2) Plaintiff claims that on November 8, 2006 he discovered that his food was being poisoned by members of the Aryan Brotherhood prison gang. Plaintiff also claims that on September 17, 2008, there were several pieces of broken razor blades in his food. (Doc. 93) Plaintiff claims Defendants were deliberately indifferent to his medical needs after he complained that he was being poisoned, and Defendant Sand intentionally exposed him to the danger by telling members of the Aryan Brotherhood that he "snitched" on them.

## II.     MAGISTRATE JUDGE'S R&R

In the second R&R (Doc. 103), the Magistrate Judge recommends denying Plaintiff's Motion to Show Cause and Temporary Restraining Order. The Magistrate Judge found that injunctive relief was not in order since Defendants had submitted evidence that Plaintiff received medical attention for his injuries. The Magistrate Judge also found that the relief Plaintiff was seeking was more than an injunction maintaining the status quo. The Magistrate Judge explained that Plaintiff was seeking an order requiring Defendants to affirmatively correct constitutional deficiencies, which were yet to be proven.

In his Objections to the second R&R, Plaintiff explains that his failure to produce

evidence in support of his motion was due to the evidence being in the possession of Defendants. Plaintiff requests that this Court order Defendants to produce the "Digital Video Recording" of the September 17, 2008 incident.

Plaintiff also states that he has been scheduled to see a physician for more than five weeks on another medical matter.[2]

In the third R&R (Doc. 104), the Magistrate Judge recommends denying Plaintiff's Motion for Summary Judgment, and granting Defendants' Motion for Summary Judgment. The Magistrate Judge found that Plaintiff failed to provide any evidence that he has been harmed or that Defendants have disregarded a substantial risk of serious harm to him. As a result, the Magistrate Judge concluded that summary judgment was appropriate on Plaintiff's claim for failure to protect under the Eighth Amendment. As to his claim for deliberate indifference to his medical needs, the Magistrate Judge noted that Plaintiff has been repeatedly seen by medical staff and has had several tests in response to his medical complaints. The Magistrate Judge explained that while Plaintiff may disagree with the treatment he received, the treatment was not so inadequate that it constituted a deliberate indifference to Plaintiff's medical needs. Therefore, the Magistrate Judge concluded that summary judgment was appropriate on this claim. Finally, the Magistrate Judge found that the claims against the warden, Edwin Voorhies, should be dismissed because Plaintiff had failed to show that he had personal involvement in the alleged constitutional violations.

---

[2]Plaintiff attached a "Response to Kite" from Nurse Stalanker dated October 15, 2008 which explains that the institutional physician left and caused a significant backlog. (Doc. 107) Nurse Stalanker informed Plaintiff that he is scheduled to see a physician "anytime now." (Id.)

Plaintiff objects to the third R&R on the following basis: (1) Defendants have failed to cooperate with discovery or produce documents to him; (2) there is a genuine issue of material fact as to whether Plaintiff was tested for poisoning during the three months he complained; and (3) Plaintiff's claim is not one for the failure to protect, but is instead based upon Defendants intentionally exposing him to danger by labeling him a snitch to the Ayran Brotherhood gang.

## III.    ANALYSIS

### A.    Applicable  Standards

#### 1.    *Pro se* pleadings

A liberal standard is to be applied to *pro se* complaints.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As this Court has recognized: "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements."  *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998), *citing*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts have refused to grant special or preferential treatment to *pro se* parties in responding to summary judgment motions.  *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (explaining that *pro se* plaintiffs "are not automatically entitled to take every case to trial.").

#### 2.    Motion for Temporary Restraining Order

Under Federal Rule of Civil Procedure 65, injunctive relief is an extraordinary

remedy whose purpose is to preserve the *status quo*. In when determining whether to grant or deny a temporary restraining order or a preliminary injunction, this Court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Chabad of S. Oh. & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004), *quoting Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997).

### 3. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, but then the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita*, 475 U.S. at 587. However, the nonmoving party may not rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

In ruling on a motion for summary judgment, "[a] district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to

wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). "Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Beatty v. UPS,* 267 F. Supp. 2d 823, 829 (S.D. Ohio 2003).

Plaintiff argues that this Court should not rule on the motions for summary judgment until Defendants produce the video of the events on September 17, 2008. However, discovery is not required where "there is no evidence that discovery would have disclosed disputed material facts." *Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996), *citing Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989). Defendants do not dispute that the incident occurred. Instead, it is Defendants' position that Plaintiff did not ingest the razor blade pieces based upon the x-rays taken, and any medical attention Plaintiff received was adequate. Therefore, the Court finds that there is no evidence that the video would have disclosed disputed material facts.

**B.  Section 1983**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Tuttle v. Oklahoma City*, 471 U.S. 808 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001), *citing Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)

*and United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992).[3]

The Court finds that Plaintiff's claims are properly analyzed under the Eighth Amendment prohibition against "cruel and unusual punishments."

Plaintiff claims that Defendant Sand intentionally exposed him to danger by actively permitting or encouraging other inmates to assault him.

In *Farmer v. Brennan*, the Supreme Court explained that the Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners, including protecting prisoners from violence at the hands of other prisoners. 511 U.S. 825, 832-33 (1994), *citing Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). The Court explained that a prison official violates the Eighth Amendment only when two requirements are met. *Id.* The first requirement is objective, and the second requirement is subjective. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The first requirement, the Court explained, is that the alleged deprivation must be objectively "sufficiently serious." 511 U.S. at 834. The Court explained where the claims

---

[3]42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

were based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a "substantial risk of serious harm." *Id.*

The Court explained that the second requirement is that the prison official has a "sufficient culpable state of mind." *Id.* The Court explained further that in prison-condition cases, the state of mind is one of "deliberate indifference" to inmate health or safety. *Id.* The Court then proceeded to define the proper test for deliberate indifference.

The Court stated that deliberate indifference was "more blameworthy than negligence," and a finding of liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id.*, *citing Whitley v. Albers*, 475 U.S. 312, 319 (1986). Nevertheless, the Court was clear that deliberate indifference is "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* The Court clarified that the context of a claim based upon prison conditions, "the standard of purposeful or knowing conduct is not . . . necessary to satisfy the *mens rea* requirement of deliberate indifference." *Id.* at 836.

As the Magistrate Judge noted, Plaintiff has been in protective control since 1998 and has also been in segregation due to his high security classification. The Court cannot find that such limited access to Plaintiff, without something more, amounts to deliberate indifference.

To establish a violation of Eighth Amendment rights resulting from a denial of medical care, a prisoner must demonstrate that officials acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference amounts to more than mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Complaints of malpractice are insufficient to entitle the plaintiff to relief.

*Estelle*, 429 U.S. at 105-06.

As the Magistrate Judge noted, the record shows that Plaintiff received treatment, and Plaintiff's only contentions are with the appropriateness of his treatment. The Court finds, as did the Magistrate Judge, that this does not amount to "deliberate indifference" to his medical needs.

Plaintiff also argues that he did not receive testing for poison for three months after he complained. When a plaintiff claims that the delay in medical treatment amounted to a violation of the Eighth Amendment, the plaintiff must " 'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.' " *Napier v. Madison Co., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001), *quoting Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). However, "where a plaintiff's claims arise from an injury or illness 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention,' the plaintiff need not present verifying medical evidence to show that, even after the delayed necessary treatment, his medical condition worsened or deteriorated." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 6th Cir. 2004). "Instead, it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Id.* at 900 (finding summary judgment inappropriate where plaintiff suffered for two days, making unrelenting complaints and vomiting, a nurse identified "classic signs of appendicitis," and doctors later performed an appendectomy).

Here, no such evidence exists in the record. Plaintiff has not shown a detrimental effect from the alleged delay. The toxicology screen results were normal. In addition, Plaintiff's symptoms, as described by him, were vomiting, blood in his stool, diarrhea,

dizziness, and loss of consciousness. (Doc. 2) These symptoms are not obvious indicators of poisoning. Moreover, as the Court previously noted, Plaintiff's complaints were not ignored, as he did receive prompt medical attention. While Plaintiff may disagree with the type of treatment he received, Plaintiff has not shown that his medical treatment amounted to a deliberate indifference to his medical needs.

Finally, the Court finds that the claims against Defendant Voorhies are properly dismissed. The Sixth Circuit has explained that "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Accordingly, a public official may not be held liable for the misconduct of those the official supervises unless the plaintiff can demonstrate that the official is culpable because he or she was personally involved in the allegedly inadequate medical care or that he or she otherwise encouraged or condoned others in providing such inadequate medical care. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). There is no evidence in the record that Voorhies was personally involved in Plaintiff's medical care or encouraged or condoned others in providing inadequate care.

## III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1.   The Magistrate Judge's R&R dated September 30, 2008 (Doc. 96) is hereby **ADOPTED**;

    a.   Plaintiff's Application for Default Judgment (Doc. 82) is **DENIED**;

    b.   Plaintiff's Motion for Default Judgment (Doc. 77) is **DENIED**;

    c.   Plaintiff's Motion for Declaratory Judgment (Doc. 83) is **DENIED**;

2. The Magistrate Judge's R&R dated September 30, 2008 (Doc. 103) is hereby **ADOPTED**;

   a. Plaintiff's Motion for Temporary Restraining Order (Doc. 93) is **DENIED**;

3. The Magistrate Judge's R&R dated September 30, 2008 (Doc. 104) is **ADOPTED**;

   a. The Motion for Summary Judgment filed by M. Sevrey, Dr., Vonda Adkins, Aryayra Treadway, Edward Voorhies, J Diane Sand (Doc. 49) is **GRANTED**;

   b. Plaintiff's Motion for Summary Judgment (Doc. 55) is **DENIED**;

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals; and

5. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                        */s/ Michael R. Barrett*
                        Michael R. Barrett, Judge
                        United States District Court